**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY JONES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-1046** |
| | : | |
| **THE GEO GROUP, INC.,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

**RUFE, J.**                                               **JUNE 8, 2022**

Anthony Jones, a pretrial detainee currently confined at the George W. Hill Correctional Facility ("GWHCF"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Jones asserts claims against the GEO Group, Inc., the Commonwealth of Pennsylvania, Delaware County, Sgt. McCafferty, Sgt. Hamre, and Sgt. Jones. Jones also filed a Motion to Proceed *In Forma Pauperis* and submitted a copy of his institutional account statement. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis*, dismiss his claims against the Commonwealth of Pennsylvania with prejudice, dismiss his claims against the GEO Group, Inc. and Delaware County without prejudice to amendment, and permit his excessive force claims against Sgt. McCafferty, Sgt. Hamre, and Sgt. Jones to proceed.

## I.     FACTUAL ALLEGATIONS

Jones alleges the following facts, which are assumed to be true for purposes of this memorandum. The bulk of Jones's factual allegations center on a December 14, 2021 incident at GWHCF. Jones alleges that on that date, "Sgt. Jones, Sgt. Hamre,[1] and Sgt.

---

[1] Sgt. Hamre is not listed as a Defendant, but the Court will add him as a Defendant considering the specific allegations of the Complaint asserting Sgt. Hamre's involvement in the December 14, 2021 incident.  *See* Compl. at 4-5

McCafferty assaulted and battered [him] in the medical unit."[2] Jones asserts that he "was punched in the face, arm twisted and beat with a radio, and sexually assaulted in exam room 1."[3] Jones avers that he was unable to eat solid foods for more than a week because some of his teeth "got knocked loose," his mouth was swollen with a "busted" lip, and he had one tooth pulled but refused to have his front tooth removed because he would "feel ugly" without it.[4] Jones also alleges that the Commonwealth of Pennsylvania has held him for more than 365 days without a set trial date and asserts that the Commonwealth has violated his Sixth Amendment right to a speedy trial by jury for no other reason than COVID 19."[5] Finally, Jones cites the Thirteenth Amendment, but there no allegations to support this claim, which will be dismissed without prejudice.[6]

In a two-page handwritten document attached to his Complaint, Jones further alleges that since he was brought to GWHCF, he has been "oppressed, deprived of liberty and justice."[7] He avers that Delaware County and the Commonwealth of Pennsylvania are responsible for the conditions at GWHCF because it is their "policy to keep inmates locked away for more than 365 days."[8] Jones avers that Delaware County is aware of "these constitutional violations from prior

---

[2] Compl. at 4. The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] *Id.*

[4] *Id.* at 5. Jones avers that the nerve in this tooth "is dead."

[5] *Id.* at 3-4.

[6] *Id.* at 3. Plaintiff will be given an opportunity to amend if he can allege facts to state a claim under the Thirteenth Amendment. *See United States v. Kozminski*, 487 U.S. 931, 942 (1988); *Tourscher v. McCullough*, 184 F.3d 236, 242 (3d Cir. 1999) (holding that, while a pretrial detainee could be compelled to perform "some service" in the prison, such as "general housekeeping responsibilities" consistent with the Due Process Clause, dismissal of complaint before service was premature where inmate, who was held for a time as a pretrial detainee, alleged that he was required to work in the prison cafeteria in violation of Thirteenth Amendment).

[7] *Id.* at 14.

[8] *Id.* Delaware County is not listed as a Defendant in the Complaint.  However, because Jones has asserted allegations against Delaware County, the Court will add the County as a Defendant and screen the claims asserted against it.  *See id.* at 13-14.

cases . . . around the country and did nothing to prevent or stop these practices from happening in the future."[9] He alleges that GEO Group "recklessly applied force . . . and the correctional officers [maliciously] and sadistically, and intentionally intended to cause harm" by using unreasonable force in reckless disregard for his rights.[10] Jones further asserts that

> The Commonwealth and the GEO Group engaged in a pattern of constitutional violations, in areas including use of force, and neglect. They have failed to properly train and or supervise it [sic] employees and failed to adequately control and discipline its officers. Persistent practices failed to take precautions against future violations and its failure at least in part led to injury. Practices in these areas tantamount to an unconstitutional custom and/or policy. Indicating diliberate [sic] indifference to inmates['] constitutional rights.

> .   .   .

> [It's] logical to assume the Commonwealth of Pennsylvania and the GEO Group continued official tolerance of repeated misconduct, facilitated similar unlawful actions in the future. Inadequet [sic] training, poor discipline, unheeded inmate complaints are all going on at GWHCF. Formal complaints and grievances that were disregarded almost wholesale. Through their actions, inactions, course of conduct, poor or non existent training and deficient supervision caused the illegal deprivation of my constitutional rights.[11]

Jones seeks "declaratory judgment" and a total amount of $500,000 in monetary damages.[12] Specifically, he seeks $150,000 in punitive damages, $100,000 in future medical bills from "jaw, neck, and back pains," $10,000 in future dental work, and $240,000 in "emotional distress" damages, averring that he "will need to see a psychologist for years to come because of PTSD from the severe beating [he] took."[13] Jones also seeks relief "in the form of an injunction to protect [him] from further abuse from the higher ups."[14]

---

[9] *Id.*

[10] *Id.*

[11] *Id.* at 14-15.

[12] *Id.* at 5.

[13] *Id*.

[14] *Id*.

## II.      STANDARD OF REVIEW

The Court grants Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[15] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[16] which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[17] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[18] Conclusory allegations do not suffice.[19] As Jones is proceeding *pro se*, the Court construes his allegations liberally.[20]

## III.      DISCUSSION

"To state a claim under Section 1983 of Title 42 of the United States Code, the vehicle by which federal constitutional claims may be brought in federal court, a plaintiff must allege the

---

[15] However, Jones will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

[16] S*ee Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[18] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[19] *Iqbal*, 556 U.S. at 678.

[20] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[21]

### A.    Claims against the Commonwealth of Pennsylvania

The Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity.[22] Because the Commonwealth of Pennsylvania has not waived sovereign immunity here, Jones cannot state a § 1983 claim for damages against the Commonwealth.[23] Although the Eleventh Amendment does not necessarily preclude claims for prospective injunctive relief, such as a claim protection from further abuse, a claim against the Commonwealth is not plausible because GWHCF is run by Delaware County, and not the Commonwealth of Pennsylvania. The Court will dismiss with prejudice Jones's claims against the Commonwealth of Pennsylvania with prejudice.

### B.    Claims against the GEO Group, Inc. and Delaware County

The claims Jones seeks to pursue against the GEO Group, Inc. and Delaware County must be dismissed pursuant to § 1915(e)(2)(B)(ii). The GEO Group, a private corporation under contract to provide services at GWHCF, may be liable under § 1983 if the entity's policies or customs caused the alleged constitutional violation.[24] To state a claim for municipal liability against Delaware County, a plaintiff must also allege that the County's policies or customs

---

[21] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[22] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

[23] *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983.  *See Will*, 491 U.S. at 69.

[24] *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. GEO Grp., Inc.*, No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility.").

caused the alleged constitutional violation.[25] To assert a plausible claim under § 1983 against either of these entities, therefore, Jones "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.[26]

"'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"[27] "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"[28] It is not enough, however, to allege the existence of a policy or a custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries."[29] This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.[30] For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury."[31]

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected."[32] "This consists of a

---

[25] *Monell*, 436 U.S. at 694.

[26] *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).

[27] *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

[28] *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

[29] *Id*. (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

[30] *Id*.  (quoting *Bielevicz*, 915 F.2d at 850).

[31] *Id.*  (internal quotations and alterations omitted).

[32] *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."[33]

As the United States Court of Appeals has stated,

If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure amounts to deliberate indifference to the rights of persons with whom [the municipality's] employees will come into contact. Ordinarily, this requires a plaintiff to identify a pattern of similar constitutional violations by untrained employees that puts municipal decisionmakers on notice that a new program is necessary. Otherwise, the plaintiff needs to show that failure to provide the identified training would likely result in the violation of constitutional rights — i.e., to show that the need for more or different training [was] so obvious.[34]

Jones makes vague, generalized, and conclusory allegations to support his municipal liability-type claims. For example, he alleges that Defendants "engaged in a pattern of constitutional violations" by failing "to properly train and or supervise" their employees and "take precautions against future violations."[35] He asserts that Defendants "actions, inactions, course of conduct, poor or non existent training and deficient supervision [have] caused the illegal deprivation of [his] constitutional rights." (*Id.* at 13.) These conclusory allegations are insufficient to state a plausible basis for *Monell* liability. Jones merely pleads the existence of a policy but does not elaborate on "what exactly that custom or policy was" or provide any factual details about the custom or policy to state a plausible claim.[36] Using the words "custom" and

---

[33] *Id.*

[34] *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (internal quotation marks, ellipses, and citations omitted).

[35] Compl. at 13-14.

[36] *McTernan*, 564 F.3d at 658 (affirming dismissal of claims against a municipality because the plaintiff alleged only that he was injured by "the City's policy of ignoring First Amendment right[s]").

"policy" is not enough. Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim.[37]

Jones also fails to tie any alleged custom or policy to the alleged constitutional harms he suffered. In other words, he has not alleged the requisite affirmative link between a GEO Group or Delaware County policy or custom and the various alleged constitutional deprivations. Jones has also failed to specifically allege that the GEO Group or Delaware County had actual knowledge of prior similar conduct or failed to prevent the repetition of such conduct, and that this failure led to his injury. The absence of specific allegations about causation is fatal to Jones's claims against these Defendants.[38]

The Court understands Jones to also be asserting failure-to-train claims with respect to the events that occurred on December 14, 2021, *i.e.*, the alleged unreasonable force incident involving Sgts. McCafferty, Hamre, and Jones. Related to the alleged assault by these Defendants, Jones alleges that GEO Group and Delaware County have been aware of physical abuse allegations in the past and have failed to properly train or take precautions against future violations.[39] These generalized and conclusory allegations are not sufficient to state failure-to-train claims. Jones has not identified how the training was deficient and how that deficiency amounts to deliberate indifference to his constitutional rights. Nor has he alleged with any particularity a pattern of similar constitutional violations that would have put GEO Group and

---

[37] *Id*. at 659; *see, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

[38] *See Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014) (affirming dismissal of municipal claims because the plaintiff alleged only that the defendants maintained a "policy and/or custom . . . to inadequately screen during the hiring process" but failed to allege any "link between the failure to screen at hiring and the constitutional injury alleged").

[39] *Id*. at 13-14.

Delaware County on notice that new training was required.[40] Accordingly, Jones has failed to state plausible municipal liability claims against the GEO Group and Delaware County based on a failure-to-train theory, and these claims will be dismissed. However, because the Court cannot say at this time that Jones could never allege a plausible failure to train or other *Monell* claim, the dismissal of these claims against GEO Group and Delaware County will be without prejudice, and Jones will be permitted an opportunity to cure the defects the Court has identified.

### C.    Excessive Force Claims Against Sgts. McCafferty, Hamre, and Jones

Jones brings excessive force claims against Sgts. McCafferty, Hamre, and Jones. Because Jones was a pretrial detainee during the relevant event, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims.[41] To state a due process violation based on excessive force, a pretrial detainee must allege plausibly that "that the force purposely or knowingly used against him was objectively unreasonable."[42] "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the

---

[40] *See Torres v. Monmouth Cnty. Correctional Inst.*, No. 19-17704, 2021 WL 3773687, at *6 (D.N.J. Aug. 25, 2021) (dismissing failure-to-train claims where allegations were vague, and the plaintiff did not provide "facts showing a pattern of prior incidents that would suggest a need for additional training").

[41] *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted).  Although Jones cites the Eighth Amendment, *see* Compl. at 3, he asserts that he was a pretrial detainee at the time of the events in question.  *Id.* at 4.  Accordingly, the Fourteenth Amendment, rather than the Eighth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

[42] *Id.* at 396-97.

plaintiff was actively resisting."[43] Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'"[44]

As outlined above, Jones alleges that Sgts. Jones, Hamre, and McCafferty punched him in the face, twisted his arm, and beat him with a radio. As a result of the December 14, 2021 incident, Jones was unable to eat solid foods for more than a week and he had to have at least one of his teeth pulled. These allegations are sufficient to state plausible excessive force claims against Sgts. Jones, Hamre, and McCafferty, and these claims will be served for a responsive pleading.

### D.      Sixth Amendment Claim

Jones avers that he has been held for more than 365 days without a set trial date, and his Sixth Amendment right to a speedy trial has been violated as a result.[45] Jones provides no facts to support this claim. However, even if he had, allegations that Defendants violated his Sixth Amendment rights to a speedy trial cannot form the basis of an underlying constitutional violation under § 1983. This is because "[a] speedy trial claim necessarily seeks dismissal of the indictment and leads to immediate release from confinement, so it must be brought through a habeas petition after exhausting state remedies."[46] Accordingly, this claim will be dismissed without prejudice to Jones filing a *habeas* petition after exhausting his state remedies.

---

[43] *Id.*  at 397.

[44] *Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[45] (Compl. at 3-4.)

[46] *Garrett v. Murphy*, No. 21-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022) (*per curiam*) (citing cases).

      **E.**     **Jones's Request for Declaratory Relief**

      Jones does not specify the nature of the declaratory relief that he seeks, but it appears he seeks a declaration that the Defendants violated his constitutional rights.[47] This request for relief is improper and will be dismissed with prejudice. Declaratory relief is unavailable to adjudicate past conduct.[48]

## IV.   CONCLUSION

      For the reasons explained above, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his claims against the Commonwealth of Pennsylvania with prejudice and deny his request for a declaratory judgment because neither is plausible. Further, the Court concludes that amendment of these claims would be futile.[49] With respect to Jones's Sixth Amendment speedy trial claim, this claim will be dismissed without prejudice to him filing a *habeas* petition after exhausting his state remedies. Because the Court cannot say at this time that Jones cannot cure the defects in his municipal liability claims against the GEO Group and Delaware County and his Thirteenth Amendment claim, he will be granted the option of filing an amended complaint to assert a plausible basis for these claims.

---

[47] *See* Compl. at 5.

[48] *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[49] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

If Jones chooses not to file an amended complaint, the Court will direct service of the Complaint on Defendants Sgt. McCaffery, Sgt. Hamre, and Sgt. Jones. An appropriate Order will be entered that provides further instruction as to amendment.