IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JONES, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-1046 |
| : | |
| THE GEO GROUP, INC., *et al.* : | |
|     Defendants. : | |

## ORDER

AND NOW, this 8th day of June 2022, upon consideration of Plaintiff Anthony Jones's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Anthony Jones, # 20003051, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the George W. Hill Correctional Facility ("GWHCF") or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jones's inmate account; or (b) the average monthly balance in Jones's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jones's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Jones's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of GWHCF.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to add Delaware County and Sgt. Hamre as Defendants.

6. For the reasons stated in the Court's Memorandum, the following claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. Jones's claims pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, and his request for a declaratory judgment, are **DISMISSED WITH PREJUDICE**.

   b. Jones's Sixth Amendment claim is **DISMISSED WITHOUT PREJUDICE** to the filing a habeas petition after exhausting his state remedies.

   c. Jones's municipal liability claims against the GEO Group, Inc. and Delaware County, and his Thirteenth Amendment claim, are **DISMISSED WITHOUT PREJUDICE**.

7. The Clerk of Court is **DIRECTED** to terminate the Commonwealth of Pennsylvania as a Defendant.

8. The Clerk of Court is **DIRECTED** to send Jones a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

9. Jones may file an amended complaint within **30 days** in the event he can allege additional facts to state plausible municipal liability claims against the GEO Group, Inc. and Delaware County, and/or a plausible Thirteenth Amendment claim. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Jones's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-1046. **If Jones files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Jones's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. This means that if Jones files an amended complaint, he must include allegations related to his excessive force claims against Sgts. McCaffery, Hamre, and Jones, which have not been dismissed, if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case.**[2] When drafting his amended complaint, Jones should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. If Jones does not file an amended complaint, the Court will direct service of his initial Complaint on Defendants Sgt. McCaffery, Sgt. Hamre, and Sgt. Jones only so that Jones may proceed on the excessive force claims against them. **Jones may also notify the Court that he seeks to proceed on his excessive force claims against Sgt. McCaffery, Sgt. Hamre, and**

---

[2] "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (internal citations omitted).

**Sgt. Jones at this time rather than file an amended complaint.**  If he files such a notice, Jones is reminded to include the case number for this case, 22-1046.

      11.      The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**